IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>vs.<br>A. STEPHAN BOTES,<br>    Defendant. | CRIMINAL ACTION NO.<br>1:04-CR-00568-CC |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Set Aside Judgment as Void for Lack of Jurisdiction and Fraud upon the Court [Doc. No. 478] and Motion to Set Aside Judgment as Void for Fraud upon the Court [Doc. No. 479].[1]

## I.   BACKGROUND

In February 2005, Defendant A. Stephan Botes was charged, in a 48-count indictment, with conspiracy to steal and misapply government property, theft of federal funds, wire fraud, conspiracy to money launder, 18 U.S.C. § 1956 money laundering, 18 U.S.C. § 1957 money laundering, and improperly structuring financial transactions. (Superseding Indict. [Doc. No. 76].) After a sixteen-day trial, a jury found Botes guilty on fifteen counts and not guilty on the remaining counts. This Court announced Botes's sentence and made final a preliminary forfeiture order ("PFO") on September 11, 2006. (Doc. Nos. 285; 287.) Botes now moves the Court to set aside all judgments, including a criminal forfeiture judgment, pursuant to Federal Rules of Civil Procedure 60(b) and (d).

## II.   STANDARD OF REVIEW

---

[1] Also pending before the Court is the Government's Motion to Dismiss Defendant's Petition for Writ of Coram Nobis [Doc. No. 446]. The record reflects that the Court has dismissed Botes's Petition for Writ of Coram Nobis, (see Doc. No. 455); therefore, the Government's Motion is **DENIED as moot**. Additionally, Botes's Motion for Extension of Time to File Reply [Doc. No. 507] is **GRANTED nunc pro tunc**, and his Motion for an Order from the Court [Doc. No. 509] is **DENIED as moot**.

> Federal Rule of Civil Procedure 60(b) states:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4)the judgment is void; . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Additionally, Rule 60(d) states: "This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; . . . (3) set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d).

### III. DISCUSSION

#### A. Subject Matter Jurisdiction

In Botes's first Motion, he argues that the Court was acting outside its jurisdiction when it (1) issued a PFO and a money judgment against him, (2) had his property seized, and (3) made the PFO and money judgment part of his sentence, after sentencing. In criminal forfeiture proceedings, the district court enters a PFO after a finding that property is subject to forfeiture. United States v. Petrie, 302 F.3d 1280, 1284 (11th Cir. 2002) (citing Fed. R. Crim. P. 32.2(b)(2)). At sentencing, forfeiture orders become final, are made a part of the sentence, and are included in the judgment. Id. (citing Fed. R. Crim. P. 32.2(b)(3)). Here, Botes asserts that this Court entered the PFO on September 13, 2006, two days after his sentence was announced on September 11, 2006. Botes, however, fails to cite any evidence supporting his assertion. In fact, the record reflects that the PFO was made final on September 11, 2006, that it was made a part of Botes's sentence, and was included in the judgment. (Doc. Nos. 285-87.) Therefore, Botes's argument on this point is without merit.

Even if this Court had entered the PFO two days after announcing Botes's

sentence, that procedure would not have been erroneous because a court may enter a forfeiture order within a reasonable time after sentencing. See Fed. R. Crim. P. 35(a).[2]

B.     Criminal Forfeitures

Botes also argues that Federal Rule of Civil Procedure 60(b) is the appropriate procedural vehicle to challenge his criminal forfeiture. The Court disagrees. In this circuit, a "defendant cannot challenge . . . criminal forfeiture orders . . . under the Federal Rules of Civil Procedure." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam). "Rule 60(b) simply does not provide for relief from judgment in a criminal case." United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (citation and internal quotation marks omitted).

Botes cites several cases in an attempt to persuade the Court that Rule 60(b) is the proper rule to seek the return of property that the government has seized. But these cases are distinguishable because they address civil forfeitures.[3] See United States v. Aponte-Vega, 230 F.3d 522, 525 (2d Cir. 2000) (the Second Circuit concluded that Rule 60(b) was the proper procedural vehicle for a defendant seeking the return of property seized in a civil forfeiture); United States v. Roberts, 282 F. App'x 735, 737 (10th Cir. 2008) (the Tenth Circuit noted Rule 60(b) as the proper vehicle for challenging a civil forfeiture); United States v. Rodriguez-Aguirre, 414 F.3d 1177, 1182 (10th Cir. 2005) (same). Because Botes contests a forfeiture that was entered in

---

[2]     When Botes was sentenced, Federal Rule of Criminal Procedure 35(a) provided that a court could correct a sentence within seven days after sentencing. Fed. R. Crim. P. 35 advisory committee's note. Under the current version of this Rule, a sentence may be corrected within fourteen days. Fed. R. Crim. P. 35(a).

[3]     Botes cites Abdur'Rahman v. Bell, 537 U.S. 88, 123 S. Ct. 594, 154 L. Ed. 2d 501 (2002), which is a dissenting opinion, and therefore, not binding precedent. See United States v. Goodrich, 871 F.2d 1011, 1013 (11th Cir. 1989).

his criminal case and not a civil case, his Rule 60(b) motion is improper. See Mosavi, 138 F.3d at 1366. Therefore, Botes's first Motion is **DENIED**.

### C. Motion to Vacate

In Botes's second Motion, he seeks to set aside all judgments entered in his criminal case, pursuant Rule 60. Specifically, Botes asserts that his conviction was obtained by fraud, and therefore, a Rule 60 motion is proper. A federal prisoner challenging his conviction or sentence must do so by filing a motion to vacate; he may not avoid this process by resorting to the Federal Rules of Civil Procedure. United States v. Jackson, No. 1:92-CR-438-JEC, 2008 WL 269612, at *1 (N.D. Ga. Jan. 23, 2008) (citing Mosavi, 138 F.3d at 1366); see also Abella v. Rubino, 63 F.3d 1063, 1064-66 (11th Cir. 1995) (per curiam) (A 28 U.S.C. § 2255 motion is the sole federal remedy for challenges to a conviction or sentence.); Dees v. Murphy, 794 F.2d 1543, 1544-45 (11th Cir. 1986) (because habeas corpus is the "'exclusive initial cause of action' where [a] claim challenges the constitutionality of [a] conviction," federal prisoners requesting that their conviction be declared constitutionally invalid must first exhaust federal habeas corpus remedies). Accordingly, Botes's motion should be brought pursuant to 28 U.S.C. § 2255.

## IV. CONCLUSION

For the reasons stated above, Botes's Motion to Set Aside Judgment as Void for Lack of Jurisdiction and Fraud upon the Court [Doc. No. 478] is **DENIED**.

With respect to Botes's Motion to Set Aside Judgment as Void for Fraud upon the Court [Doc. No. 479], the Court advises Botes that: he may withdraw the motion or amend it by including all the § 2255 claims he believes he has; he has **45 days** from the date of this Order to amend his motion or notify the Court that he intends to withdraw the motion; and if he fails to amend or notify the Court of his intent to withdraw the motion in the time provided, the Court intends to re-characterize the

motion pursuant to § 2255 and proceed to rule on it as filed.  See Castro v. United States, 540 U.S. 375, 383, 124 S. Ct. 786, 792, 157 L. Ed. 2d 778 (2003).  Therefore, Botes's Motion is **DEFERRED** pending his response to the warning set forth above.

SO ORDERED this 28th day of May, 2013.

*s/  CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE